THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAMES FITZGERALD, Appellant.

Appeal — crimes — delinquent child — trial — evidence — appeal direct to Court of Appeals from judgment of County Court affirming judgment of Children's Court of Buffalo proper upon certification by Appellate Division justice — child charged in Children's Court of offense which would be felony in adult may be convicted of delinquency only upon proof by competent evidence — improper conviction upon uncorroborated testimony of accomplice and confession procured by threats.

1. An appeal from a judgment of the Erie County Court affirming a judgment of the Children's Court of Buffalo, convicting the defendant of being a delinquent child, is properly taken direct to the Court of Appeals upon certification by a justice of the Appellate Division of questions of law for review. (Code Crim. Pro. §§ 520, 749; L. 1925, ch. 385.)

2. Under the provisions of the statute creating the Children's Court of Buffalo (L. 1925, ch. 385) a child over seven and under sixteen years of age, who commits any act which, if committed by an adult, would be an offense punishable otherwise than by death or by life imprisonment, may be tried in the Children's Court, convicted and sentenced. The act, however, must be proved and it must be proved by competent evidence.

3. A boy under the age of sixteen years, charged with being a delinquent child in that he had committed burglary and larceny, is improperly convicted, where the only evidence against him is that of an alleged accomplice, uncorroborated as required by section 399 of the Code of Criminal Procedure, and an alleged confession procured

by threats of a police officer and so inadmissible under section 395 of the Code of Criminal Procedure. (*People ex rel. Van Riper v. N. Y. C. Protectory*, 106 N. Y. 604, 609, approved and followed.)

(Argued January 13, 1927; decided February 23, 1927.)

APPEAL, by permission, pursuant to section 520 of the Code of Criminal Procedure, from a judgment of the Erie County Court entered June 28, 1926, which affirmed a judgment of the Children's Court of the city of Buffalo convicting defendant of juvenile delinquency.

*Thomas J. McKenna* for appellant. An infant cannot be adjudged a juvenile delinquent on a confession made by him to the police under the influence of fear produced by threats. (Code Crim. Pro. § 395; *People ex rel. Van Riper* v. *N. Y. C. Protectory*, 106 N. Y. 609; *People* v. *Fowler*, 148 N. Y. Supp. 744.) There must be corroboration of the testimony of an accomplice to adjudge an infant a juvenile delinquent. (Code Crim. Pro. § 399.)

*Guy B. Moore, District Attorney*, for respondent. It is only in criminal cases that an appeal can be taken directly from the County Court to the Court of Appeals. (Code Crim. Pro. § 520.) Juvenile delinquency is not a crime. (L. 1925, ch. 385, §§ 344-n, 344-x; L. 1911, ch. 651, § 521.) The adjudication of a child as a juvenile delinquent is not a criminal action or proceeding. It is simply an equity proceeding for the best interests of the child and for the welfare of the State. Therefore, the rules of evidence in criminal actions do not apply. (*Wellesley* v. *Wellesley*, 2 Bligh [N. S.]; 124; *DeManneville* v. *DeManneville*, 10 Ves. Ch. 51; *Johnstone* v. *Beattie*, 10 Cl. & Fin. 42; *People ex rel. Riesner* v. *N. Y. N. & C. Hospital*, 230 N. Y. 119; *Matter of Knowack*, 158 N. Y. 482; *People* v. *Angie*, 71 App. Div. 539; *Matter of Antonopulos*, 171 App. Div. 659; *Matter of Donohue*. 1 Abb. N. C. 1; *People ex rel. Bolt* v. *Society*, 48 Misc. Rep. 175; *People ex rel. Zeese* v. *Masten*, 79 Hun,

580; *People* v. *Degnen,* 54 Barb. 105; *Reynolds* v. *Howe,* 51 Conn. 472; *Roth* v. *House of Refuge,* 31 Md. 329; *Matter of Ferrier,* 103 Ill. 367; *Scott* v. *Flowers,* 60 Neb. 675.)

CRANE, J.   James Fitzgerald, appellant, a boy under sixteen years of age, was arrested and tried on an information charging him with being a delinquent child within the provisions of chapter 385 of the Laws of 1925, in that on the tenth day of January, 1926, in the city of Buffalo, he committed burglary and larceny by entering the home of one Edward Hammersmith, and taking money therefrom.   He was tried in the Children's Court of the city of Buffalo, convicted and committed to the State Agricultural and Industrial School at Industry, Monroe county, N. Y., until discharged in manner prescribed by law, not to exceed the period of his minority. An appeal was taken to the County Court which on June 28, 1926, affirmed the conviction in these words: "Adjudged that the judgment of conviction herein be and the same is hereby affirmed."

Having obtained a certificate from a justice of the Appellate Division that questions had arisen which ought to be reviewed by the Court of Appeals, the case has been brought here without passing through the Appellate Division.   This procedure is new and is the result of amendments to the Code of Criminal Procedure by chapter 465 of the Laws of 1926.   Section 520 now provides:

" Every person convicted in a criminal action or proceeding shall have the right to have such judgment of conviction or order reviewed on appeal by an appellate tribunal as herein provided, but there shall be only one such appeal and the decision of the appellate court shall be final, and no appeal shall lie from that court to any other court except as hereinafter provided."

Subdivision 2 reads:

" Elsewhere than in the city of New York, such appeals shall be taken as follows: From a conviction by a court of special sessions, police court, police magistrate, or justice of the peace to the county court of the county in which the conviction was had."

Appeals, therefore, to the County Court are final unless an appeal is allowed as provided in subdivision 3, in which case further review is in the Court of Appeals. Subdivision 3 reads:

" Where an appeal has been taken and has been decided by any of the appellate tribunals hereinabove referred to [which includes the county court as an appellate tribunal], a further right of appeal to the court of appeals shall lie as hereinafter prescribed, but not otherwise. If a judge of the court of appeals or a justice of the appellate division of the supreme court of the department in which such conviction was had certifies that a question of law is involved which ought to be reviewed by the court of appeals, then a further appeal on such question of law may be taken to he court of appeals."

That appeals may be taken from the Children's Court or Court of Special Sessions, denominated minor courts, to the County Court is further provided by section 749 of the Code of Criminal Procedure, which reads:

" A judgment upon conviction, rendered by a court of special sessions, police court, police magistrate, or justice of the peace, in any criminal action or proceedings or special proceeding of a criminal nature, including a judgment of commitment made under section four hundred and eighty-six of the Penal Law, may be reviewed by the county court of the county, upon an appeal as prescribed by this title."

Commitments under section 486 of the Penal Law are those made of neglected and delinquent children as therein defined, which provisions are almost identical with those defining delinquency contained in chapter 385 of the Laws of 1925 creating the Children's Court of

Buffalo.   This latter act also provides in section 344-bb:
" A judgment upon conviction rendered by the judge of
this court sitting as a court of special sessions, children's
court or magistrate may be reviewed by the county court
of the county as prescribed in title three, part five of the
code of criminal procedure."   (This refers to section 749
of the Code of Criminal Procedure and the following
sections.)

This appeal, therefore, was properly taken to this
court under the procedure as it now exists, a justice of
the Appellate Division of the fourth department having
certified questions of law for our review.

The next point which arises is whether the defendant
has been legally convicted.   The district attorney con-
cedes that the defendant has not been convicted according
to the rules of evidence applicable to criminal trials,
but he insists that the defendant has not been charged
with crime, and that the rules of evidence are not
applicable to proceedings against children under sixteen
years of age for the offense of delinquency.

The charge against this boy was that of burglary for
having entered the house of Edward Hammersmith on
the tenth of January, 1926, and stolen money therefrom.
The boy was tried for this offense, whatever we may
call it, and was convicted on the testimony of an alleged
accomplice, twelve years of age, uncorroborated, and on
his own confession produced by threats.   The con-
fession was given by a police officer who testified that
after taking the boy to the police station he was questioned
in the sergeant's room, as follows:

" Q. Did you make any threats to him?   A. I think
I possibly did, I said, ' You ought to get a good licking
right here ' and one time he didn't answer me just right
and I said, ' I would like to punch you in the nose myself '
but I didn't mean anything like that.

" Q. You threatened to punch him in the nose unless
he told you about the burglary?   A. I said that, yes.

"Q. He became frightened and started to cry? A. Yes.

"Q. After that he told you about being connected with the burglaries? A. Yes."

It seems rather queer that the protection which is given to adults by section 395 of the Code of Criminal Procedure, excluding from evidence their confessions produced by threats, should be withdrawn from young children more easily frightened than adults, and that such confessions should be considered of any weight. However this may be, the record in this case shows that the defendant was not properly convicted of the charge. There was no legal or proper evidence introduced against him. The alleged accomplice was not corroborated as required by section 399 of the Code of Criminal Procedure, and the alleged confession was procured by threats of a police officer. This is all there is to the case. What was there, therefore, of proof of any kind warranting the magistrate to hold this boy?

No doubt both under section 486 of the Penal Law and under chapter 385 of the Laws of 1925 there are many occasions for disposing of children under the so-called neglect and delinquency provisions which do not involve any crime or acts of a criminal nature. (*Gerak* v. *State,* 153 N. E. Rep. 902.) In such cases the formal proceeding of proof according to a trial cannot always be followed. For instance, a neglected child is one under sixteen years of age without proper guardianship, or who has been abandoned, or deserted by both parents, or who is in such a condition of want or suffering as to injure his health. Such a child can be sent by the judge to a private home or public institution to be cared for. So, too, an incorrigible and ungovernable child, one habitually disobedient and beyond the control of his parents can be properly disciplined; or one who is habitually a truant from school, or who without the consent of his parents deserts his home, may be brought

before the judge and submitted to proper control. None of these charges against the child involve a crime or are of a criminal nature, and the proceedings must be and always have been more or less informal. While proper records must be kept (*People ex rel. Van Riper v. N. Y. C. Protectory*, 106 N. Y. 604), yet we cannot expect from the very nature of such cases that the strict rules of evidence shall be applied as they would and should be in cases dependent entirely upon a charge involving an act of a criminal nature.

The act creating the Children's Court of Buffalo recognizes this practical and important distinction, important both for the welfare of the child and for the safety of society. Under subdivision 2 of section 344-m of the act, a delinquent child may mean a child over seven and under sixteen years of age, who commits any act which if committed by an adult would be an offense punishable otherwise than by death or by life imprisonment. A child, therefore, between those ages who commits an act which would be burglary or larceny in an adult may be tried in the Children's Court and convicted and sent away for not longer than its minority. The act, however, must be proved, and it must be proved by some kind of evidence. There must be a trial; the charge against the child cannot be sustained upon mere hearsay or surmise; the child must first have committed the act of burglary or of larceny before it can be convicted · of being a delinquent child. The act remains the same and the proof of the act is equally necessary whether we call it burglary, larceny or delinquency. The name may change the result; it cannot change the facts.

Where, therefore, a child is arrested and charged with being a delinquent child because it has committed an offense which would be a crime in an adult, that offense must be proved, and proved by competent evidence. If our own good sense and judgment did not tell us this,

the act itself creating the Children's Court of Buffalo would remind us of it. Section 344-x of the act notes the difference between a trial for an offense requiring competent proof before conviction and the other informal hearings whereby children may be provided with homes or proper guardianship. This section says:

" Upon the return of the summons * * * after any child has been taken into custody, and at the time set for the hearing, the court shall proceed to hear and determine the case. The court from time to time may adjourn the hearing and inquire into the habits, surroundings, conditions and tendencies of the child."

Then follows a provision giving the judge the right " before proceeding with the trial of a child for the offense charged " at the request of the child or parent to inquire into all the facts and circumstances surrounding the case, and " in lieu of proceeding with the trial," find the child in need of the care and protection of the State, and furnish it with proper guardianship as provided in section 486 of the Penal Law. However, the judge may proceed with the trial of the offense charged, for the act goes on to say: " Or the court, *if satisfied by competent evidence*, may adjudicate the child to be delinquent or neglected, and shall render judgment as follows: * * * (c) commit the child to the care and custody of a suitable institution maintained by the state; * * * (d) impose a fine in a sum not to exceed fifty dollars * * *."

We have, therefore, in this act two methods of procedure. One is the inquiry by the judge into all the facts and circumstances relative to proper guardianship and care of the child; the other is a trial for a specific charge upon competent evidence resulting possibly in a judgment of conviction and the imposition of a fine of fifty dollars. In the interests of the child such a proceeding is not called a criminal trial or a criminal proceeding; it is called a hearing on a charge of delinquency, but the change

is in name only, for the act requires competent evidence, an adjudication, and permits a commitment to a State institution or a fine following an adjudication of guilt. The proceeding at least is one of a criminal nature. The Penal Law, section 2, defines: "A 'crime' is an act or omission forbidden by law, and punishable upon conviction by (1) death; or, (2) imprisonment; or, (3) fine."

The judge of the Children's Court in his commitment found James Fitzgerald "guilty" of juvenile delinquency, and committed him to a State institution for a period not beyond his minority, unless sooner discharged. The judgment of the County Court affirmed the "conviction," and the judge of the Children's Court, in certifying the record, submits all the evidence taken on the "conviction in the Children's Court" of James Fitzgerald.

What are the facts in this case? The defendant, a boy fifteen years of age, was charged by a police officer with having committed burglary and larceny, in that he broke and entered the home of one Edward Hammersmith on the tenth day of January, 1926, and stole money therefrom. He was brought into the Children's Court of Buffalo for trial. He was put on trial, and the fact — and the only fact — which justified his conviction was proved by incompetent evidence, the uncorroborated testimony of an alleged accomplice, and a confession procured by threats of violence. The proceeding resulted in a conviction and a sentence — call it what we will — which deprived the boy of his liberty. The Children's Court Act in the interest of the child called such a proceeding a hearing, and the offense committed, if proved, delinquency, not burglary or larceny. This is the only change in substance that this law of the Children's Court has made regarding such a charge. The facts, however, of the charge must be proved against the child in the same way as if the charge were made against an adult, that

is, by competent evidence. This was not done. The evidence taken in this case was not competent or sufficient to convict an adult; therefore, it was insufficient to convict this boy.

The forty years which have elapsed since Judge ANDREWS wrote in *People ex rel. Van Riper* v. *N. Y. C. Protectory* (106 N. Y. 604, 609) have not rendered his words inapplicable to our present day conditions. I repeat them here as a fitting statement regarding the procedure which should be followed in the Children's Courts of to-day. Our activities in behalf of the child may have been awakened, but the fundamental ideas of criminal procedure have not changed. These require a definite charge, a hearing, competent proof and a judgment. Anything less is arbitrary power.

" It must appear [said Judge ANDREWS] that the child was abandoned and neglected, by the fault of its parents or custodians, to justify taking it from their custody, on the ground of abandonment, or improper exposure or neglect. The information in these cases of summary conviction ought to be precise and show a case clearly within the statute. It is the foundation of the jurisdiction of the justice, and when it omits an essential ingredient or circumstance to bring the case under the statute, and the defect is not supplied by the evidence, the conviction is bad. It is not consistent with the proper security of personal liberty to indulge, in cases of summary convictions, in latitude or liberality of intendment to support the proceedings. They are conducted contrary to the course of the common law, without the intervention of a jury, usually before magistrates of limited experience, and are often attended with the gravest consequences. This summary jurisdiction is, doubtless, most necessary to be maintained in the public interest, but at the same time the proceedings should be carefully scrutinized to see whether they are fully warranted by the statute." (See, also, *State* v. *Ray*, 63 N. H. 406.).

The judgment of the County Court and that of the Children's Court of Buffalo should be reversed, and a rehearing ordered.

CARDOZO, Ch. J., POUND, ANDREWS and LEHMAN, JJ., concur; KELLOGG, J., absent.

Judgment accordingly.