In the Matter of JULIUS MADIK, an Alleged Delinquent Child.

JULIUS MADIK, by His Guardian ad Litem, Appellant; THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

Third Department, June 30, 1931.

*Chandler S. Knight*, guardian *ad litem* [*Charles E. Hardies* of counsel], for the appellant.

*William J. Crangle, District Attorney*, for the respondent.

PER CURIAM. The record does not show a judgment, but the adjudication is contained in the opinion of the judge of the court, dated December 10, 1930.

An application for a new trial was denied on the same day.

The child is a boy, eleven years of age, and lives with his parents, who are Lithuanians, on their farm in the town of Florida, Montgomery county, about five miles from the city of Amsterdam, N. Y.

The charges are that he set fire to buildings on the Sweet farm on September 13, 1930, the Kowalski farm on September 28, 1930, the Staley farm on October 2, 1930, his father's farm on October 3, 1930, the schoolhouse, where he attended school, on October 8, 1930.

It appears, sufficiently, that the fires were incendiary. His connection with them is the only question. There was evidence that he was present at all of them. The only evidence as to his connection is based on certain alleged admissions by him. There were no eye witnesses.

In the decision the court disregarded alleged admissions to the sheriff of the county, to two deputy sheriffs and to the supervisor of the town, as procured by intimidation, and evidence of the boy's father and mother and of the boy himself, to show an alibi as discredited, but accepted alleged admissions to his mother and to Lillian Geiger, in the presence of Mary Putis and the Salvation Army captain, at Salvation Army quarters, in Amsterdam, where he was detained, and to William Staley, upon whose farm a fire had occurred, and to a boy, Edward Kazala, as free and voluntary.

The Salvation Army captain was present, in uniform, at the time of the admissions at Salvation Army quarters and the boy testified that he made it because he was frightened and feared that the captain would tell the deputy sheriff, who had intimidated him. The captain talked with the boy frequently during the period of his detention and testified that he denied, repeatedly, that he had set the fires. And on the night of that admission the boy wrote a letter to the same effect, directed to Lillian Geiger and to her husband.

Staley testified that the boy told him that he had " set no fires but the school house." That admission, he said, was made at Salvation Army quarters in the presence of the woman in charge. She was not sworn.

The boy, Kazala, testified that defendant told him, after being asked twice, that he had started the Sweet fire. On cross-examination he said that he " was just joking," when he asked. So far as appears, defendant, also, may have been joking.

In his opinion the judge says that there is adequate additional proof that the several offenses were committed. The question is as to the sufficiency of the proof that defendant committed them. As stated, there was evidence that the boy was at the several fires.

Rose Parrotte, testifying about the Sweet fire, said that she saw some boys, including defendant, " going to the fire."

Tony Parrotte, speaking about that fire, said that he saw some boys, including defendant, " before the fire " and that they " went back of the barn," whereupon he " saw smoke," then " fire," and that the boys then ran " back to the tree," down which defendant came. On cross-examination he said that he saw the boys " running down to the fire " and " didn't see them before," and that he " didn't understand," when he testified differently. Such was the character of the evidence. On the hearing the boy testified that he did not set any of the fires.

Section 22 of the Children's Court Act (Laws of 1922, chap. 547), as amended by chapter 393 of the Laws of 1930, provides that " the court, if satisfied that the child is in need of the care, discipline and protection of the State, may adjudicate the child to be delinquent * * *." Under this section, the court held that " the proceeding is not criminal in its character, but is like a suit in equity."

In a case under the former Children's Court Act of Buffalo (Laws of 1925, chap. 385) the Court of Appeals called attention to the distinction between a conviction in a criminal case and an adjudication of delinquency under the act, and says: " The facts, however, of the charge must be proved against the child in the same way as if the charge were made against an adult, that is, by competent evidence." (*People* v. *Fitzgerald*, 244 N. Y. 307, 315.)

Under that act the court has power, " if satisfied by competent evidence," to make an adjudication of delinquency and to render judgment in certain ways. (§ 344-x.)

In the case of an adult, proof of guilt beyond a reasonable doubt would be required. The district attorney concedes and we think that such proof is required here.

Undoubtedly, suspicion points to the boy's guilt, but suspicion is not proof beyond a reasonable doubt, and we think that the boy's guilt has not been sufficiently shown under the rule.

Many witnesses were sworn on each side. Apparently, all of the evidence, which could be obtained, was produced and presented. It does not appear that a rehearing will produce a different result.

For these reasons the judgment or adjudication should be reversed, the proceedings should be dismissed, and defendant should be discharged.

All concur.

Judgment reversed, proceedings dismissed, and defendant discharged.