THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ARTHUR LEWIS, Appellant.

Third Department, May 11, 1932.

*Joseph E. North,* for the appellant.

*Frank L. Wooster, District Attorney [Samuel H. Pearis, Assistant District Attorney,* of counsel], for the respondent.

RHODES, J. The questions here presented are of far-reaching importance. The appellant, by a decision of the Children's Court, has been adjudicated a delinquent. The acts which he is alleged to have committed would have been felonies if perpetrated by an adult. The Children's Court Act of the State of New York, section 2, defines an adult as a person sixteen years of age or over. In Children's Court appellant was represented by no attorney, but his mother and a clergyman were present in his behalf. No guardian *ad litem* was appointed for him, although section 22 of the Children's Court Act provides that in any stage of the proceeding the judge may, in his discretion, appoint any suitable person to be such guardian. No advice appears to have been given by the judge concerning the advisability. of counsel for the appellant, nor any other suggestion relative to safeguarding his rights. He was questioned by the judge concerning the occurrences and in connection therewith other boys alleged to have been participants in the acts charged were examined by the judge separately, but not in the presence of the appellant nor as part of the record in his case, and, thereafter, judgment of delinquency was pronounced against him.

Conceding, for the purpose of argument, that these safeguards are not required in this proceeding either by Constitution or by statute, the fact remains that an adult on trial for the same acts

if charged as a felony would, under the Constitution and by statute, be entitled to be advised of his rights, to be represented by counsel and to be confronted by the witnesses against him, and he would not be required to give testimony against himself. (Code Crim. Proc. § 8.) These are fundamental concepts upon which our system of government is based. His confession would not be sufficient to warrant his conviction without additional proof that the crime charged had been committed. (§ 395.) The Children's Court Act and also section 486 of the Penal Law recognize a distinction between a neglected child and a child charged with delinquency. When charged with delinquency, he is certainly on trial, and by section 27 of the Children's Court Act, if adjudicated a delinquent, the commitment may, in the discretion of the court, continue during the minority of such child and after he becomes sixteen years of age and until such time as the court shall order his release, discharge or transfer. It will thus be seen that it is possible under the statute to commit a delinquent child and restrain him of his liberty subject to the control of the court for a period, in some cases, of at least fourteen years. Clearly in such a situation the rights of an infant should be as carefully safeguarded as those of an adult. As stated by Judge CRANE in *People* v. *Fitzgerald* (244 N. Y. 307), construing the former Children's Court Act of the city of Buffalo: " The proceeding resulted in a conviction and a sentence — call it what we will — which deprived the boy of his liberty."

Section 14 of the act provides that " where the method of procedure in a case or proceeding in which the court has jurisdiction is not provided in this act, such procedure shall be the same as provided by law, or by rules formally adopted by the court within the scope of this act." If it be argued that all provisions of the Penal Law or Code of Criminal Procedure or other acts inconsistent or repugnant to any provisions of the Children's Court Act shall be considered inapplicable (See § 45), and that section 18 of article VI of the Constitution and the Children's Court Act, adopted pursuant thereto, contemplate solely the welfare of the child, and that placing him in custody is designed to promote his welfare by discipline and restraint, the same argument may be addressed to a sentence imposed upon a person convicted of a felony, that is, that the sentence of conviction is not designed simply as a punitive or vindictive measure, but that it is designed with a view to the reformation of the person convicted.

It may be stated as a general proposition that the welfare of the child can best be promoted by carefully safeguarding his rights upon the inquiry which seeks to determine the fact of delin-

quency. Such fact should be established by satisfactory evidence whether or not such evidence comes within the category of what is known and described in the Code of Criminal Procedure as competent evidence. It was said in *People* v. *Fitzgerald* (*supra*) that " where, therefore, a child is arrested and charged with being a delinquent child because it has committed an offense which would be a crime in an adult, that offense must be proved, and proved by competent evidence." It is true that this statement had reference to the Children's Court Act of Buffalo which expressly required that the act be established by " competent evidence," while in the general act under which the proceeding before us was instituted the requirement that the charge be proved by competent evidence is omitted, nevertheless, it is self evident that the act must be proved, which necessarily means that it must be established at least by proper and sufficient evidence.

In view of the wide disparity between the informal procedure outlined under the Children's Court Act and the strictness of the procedure established by the criminal law as to adults, there should be no uncertainty as to the facts upon which the court bases its decision. The determination of the powers and limitations of the Children's Court, when not clearly defined by the act, must depend upon the decision of specific questions as they arise, otherwise any attempted enumeration as to such powers and limitations would be *obiter*.

What is here said involves no criticism of the judge of the Children's Court in the case before us. The Children's Court Act is comparatively new; it is general and in many instances vague in its terms and provisions, and there are few precedents for guidance.

Undoubtedly the judge of the Children's Court made a disposition of the case which he conscientiously believed to be for the welfare and best interest of the child. The judgment, however, is supported by no evidence in the record received in appellant's presence except his uncorroborated admission. This seems inadequate and insufficient in view of the gravity of the charge. (See *Matter of Madik*, 233 App. Div. 12.) It is apparent that other supporting evidence was readily available.

In the interest of justice the judgment should be reversed and a new trial granted.

All concur, except VAN KIRK, P. J., who dissents, with a memorandum in which HINMAN, J., concurs.

VAN KIRK, P. J. (dissenting). The defendant, fifteen years of age, with his companions, broke into a store in Binghamton, took

money therefrom, then stole in turn two or three automobiles as he fled. The Children's Court has adjudged him to be a delinquent child.

The appellant contends that the Children's Court is without jurisdiction; that the offense charged involves a felony and must be proved by the same legal and competent evidence as in case of an adult so charged.

The purposes and jurisdiction of the Children's Courts are declared in the acts and the State Constitution. The Constitution (Art. VI, § 18) provides that the Legislature may confer upon Children's Courts such jurisdiction as may be necessary for the correction, protection, guardianship and disposition of delinquent minors. "Such courts may hear and determine such causes with or without a jury, except those involving a felony." Under this authority three separate laws were enacted: The Children's Court Act of the City of New York (Laws of 1924, chap. 254), of the City of Buffalo (Laws of 1928, chap. 807), and of the State of New York (Laws of 1922, chap. 547). This latter act now prevails in all the State outside of the city of New York; the Buffalo act was repealed in 1931, chapter 211, in effect January 1, 1932.

The State act was amended by Laws of 1930, chapter 393. Section 2, subdivision 1, defines a child to mean a person less than sixteen years of age. A " ' delinquent ' child means a child (a) who violates any law or any municipal ordinance, or who commits any act which, if committed by an adult, would be a crime not punishable by death or life imprisonment; * * *." " ' Juvenile delinquency ' is the commission by a child of any of the offenses enumerated in the foregoing definition of a delinquent child." (Subd. 2.) "The Children's Court in each county shall have within such county *exclusive* original jurisdiction of all cases or proceedings involving * * * b. Juvenile delinquency; * * *." (§ 6.) If a child be arrested and brought before a magistrate, his case shall forthwith be transferred to the Children's Court (§ 13), where he may be tried with or without a jury in the discretion of the court. (§ 14.)

A proceeding under this act is instituted by a petition (§ 10), and the process issued is a summons (§ 11). "Upon the return of the summons or other process or after any child has been taken into custody, and at the time set for the hearing, the court shall proceed to hear and determine the case. The court may adjourn the hearing from time to time and inquire into the habits, surroundings, conditions and tendencies of the child to enable the court to render such judgment or make such order as shall best conserve the welfare of the child and carry out the purposes of this act,

\* \* \*." " The court, if satisfied that the child is in need of the care, discipline and protection of the State, may adjudicate the child to be delinquent, neglected or abandoned, and render judgment, \* \* \*." (§ 22.) " An appeal may be taken from any final order or judgment of a Children's Court to the Appellate Division of the Supreme Court of the respective department within thirty days after the entry of said order or judgment." (§ 43.) The child shall not " be placed in or committed to any prison, jail, lock-up, or other place where such child can come in contact at any time or in any manner with any adult convicted of crime or under arrest and charged with crime." (§ 21.) Finally, section 45 contains general provisions, among which are the following: " No adjudication under the provisions of this act shall operate as a disqualification of any child subsequently to hold public office or as a forfeiture of any right or privilege or to receive any license granted by public authority; and no child shall be denominated a criminal by reason of such adjudication, nor shall such adjudication be denominated a conviction. Neither the fact that a child has been before the Children's Court for hearing, nor any confession, admission or statement made by him to the court or to any officer thereof while he is under the age of sixteen years, shall ever be admissible as evidence against him or his interests in any other court. All provisions of the Penal Law or Code of Criminal Procedure or other statutes inconsistent with or repugnant to any of the provisions of this act shall be considered inapplicable to the cases arising under this act. \* \* \* This act shall be construed to the end that the care, custody and discipline of the children brought before the court shall approximate as nearly as possible that which they should receive from their parents, and that as far as practicable they shall be treated not as criminals but as children in need of aid, encouragement and guidance."

This act was intended to furnish a speedy and summary hearing of children's cases; to confer upon Children's Courts exclusive jurisdiction of all cases in which a child under sixteen years of age is charged with being a delinquent, though his acts, " if committed by an adult," would be a felony, except that the Children's Court has not jurisdiction if the felonious act of the child is one the punishment for which is death or life imprisonment; to give to the court no criminal jurisdiction.

I now turn to the proceedings in the instant case. The petition presented to the court charged that this defendant was " a delinquent child " in that he forcibly broke into a store and took therefrom " lawful money of the United States." Summons was then issued and the defendant was brought before the Children's Court and

charged as " a delinquent." Defendant's companions were successively called and testified. All told the same story and each was adjudged a delinquent. When one was examined the other two were excluded from the court room. The adjudication recites that " the court proceeded to hear and determine the case upon an examination of the witnesses produced, towit: Arthur Lewis, Leroy Lewis, Stanley Marshall and Robert Livingston." It was adjudged " that said Arthur Lewis is a delinquent child."

Nowhere is juvenile delinquency declared to be a felony. " A ' felony ' is a crime which is or may be punishable by: (1) death; or, (2) imprisonment in a State prison." Juvenile delinquency is not punishable either by death or by imprisonment in a State prison. Nor do the acts charged here constitute a crime. (Penal Law, § 2.) " ' Crime ' is an act or omission forbidden by law, and punishable upon conviction by: 1. Death; or, 2. Imprisonment; or, 3. Fine; or, 4. Removal from office; or, 5. Disqualification to hold any office of trust, honor or profit under the State; or, 6. Other penal discipline." A delinquent child is not so punishable. Under the State act he cannot be convicted and the act or omission forbidden by law when performed by a child is not punishable as a crime. The statute itself so indicates in the definition of a delinquent child. He is a delinquent if he commits an act which, if committed by an adult, would be a crime not punishable by death or life imprisonment. But defendant is not an adult; his act is not a felony, not being punishable by " death or life imprisonment." If this defendant were a felon on account of the acts committed, he could only be tried after indictment. (State Const. art. I, § 6; Code Crim. Proc. § 4.)

This defendant was not brought into court charged as a criminal; he has not been tried as a criminal; he has not been indicted; the act committed by him is not punishable as a crime. The rules of evidence which prevail in criminal cases do not apply; they are inconsistent with and repugnant to the provisions of the State act. Since the amendment of 1930 " competent evidence " is not required by this act. The appeal is to an Appellate Division to which appeals in civil cases are taken. I think this case was in no sense of a criminal character. The State act throughout was intended to assure the welfare of the child by a civil inquiry and not by a criminal proceeding. Every element which could characterize a trial of a child in a Children's Court as a criminal trial has been removed.

The defendant relies upon *People* v. *Fitzgerald* (244 N. Y. 307). It seems to me that that case is readily distinguished from this one. That case was under the Buffalo act (Laws of 1925, chap. 385);

this is under the State act. Under the Buffalo act the Children's Court had criminal jurisdiction (§ 344-a); the court could sit as a Court of Special Sessions (§ 344-n); its determination could be a conviction (§ 344-bb). In that case the trial was treated as one for a felony, which was permitted under the Buffalo act. In this case the child was tried for delinquency only. Under the State act a child is tried as a delinquent unless he commits an act which, if committed by an adult, would be "punishable by death or life imprisonment." In this case the act which the boy committed is not so punishable. In the *Fitzgerald* case the child was "tried, * * * convicted and sentenced" (Headnote) and the County Court "adjudged that the judgment of conviction herein be and the same is hereby affirmed." In this case there can be no judgment of conviction. (State act, §§ 22, 45.) In that case the conviction was reversed because there was not sufficient competent evidence; there was only "the uncorroborated testimony of an alleged accomplice, and a confession produced by threats of violence." In this case there was a fair trial in the presence of relatives of the boy and a minister of some church; the boy testified in open court and his evidence is corroborated by the evidence of his two companions. In that case the procedure on appeal was upheld under the Code of Criminal Procedure. (Buffalo act, § 344-bb.) In this case the State act provides for appeals to the Appellate Division only. (§ 43.) This defendant has not been deprived of any constitutional right. He was accorded due process of law and a fair hearing, under an act which is constitutional. In the Buffalo act there are no general provisions similar to those in the State act, section 45.

In conclusion, the act committed by this child was not a crime; were he an adult, it would be; he was not and is not a felon; he was not charged as such, and could not be punished as such. Felony is not involved. He was not deprived of a jury trial in defiance of the Constitution. No prejudicial error was committed in the trial.

In *State ex rel. Matacia* v. *Buckner* (300 Mo. 359) and *Cinque* v. *Boyd* (99 Conn. 70) similar statutes were construed as herein suggested. (See *People ex rel. Riesner* v. *N. Y. N. & C. Hospital,* 230 N. Y. 123.)

The adjudication should be affirmed.

HINMAN, J., concurs.

Judgment of conviction reversed, and new trial granted.