In the Matter of JOHN CLAUSI, Appellant. ROSE A. FUSCARDO, Respondent.

Submitted April 14, 1947; decided May 22, 1947.

*John E. Egan* and *Chris J. Flanagan* for appellant.

*Frederick H. Stang* for respondent. In this proceeding of a criminal nature, one appeal has been had, and, since no certificate pursuant to subdivision 3 of section 520 of the Code of Criminal Procedure, permitting a further appeal has been obtained, the appeal to the Court of Appeals does not lie. (*Commissioner of Public Welfare* v. *Jackson*, 265 N. Y. 469; *Matter of Kane* v. *Necci*, 269 N. Y. 13; *Commissioner of Public Welfare* v. *Simon*, 270 N. Y. 188; *Matter of Drake* v. *Horan*, 173 Misc. 424; *Hodson* v. *Hoff*, 291 N. Y. 518; *People* v. *Geffin*, 245 N. Y. 75; *People* v. *De Laney*, 244 N. Y. 529; *People* v. *Green*, 137 App. Div. 763.)

FULD, J. Charging that defendant was the father of her child, complainant instituted filiation proceedings against him, pursuant to the Domestic Relations Law and the Children's Court Act (L. 1922, ch. 547, as amd.), in the Children's Court of Ulster County. An order was entered adjudging defendant to be the father and directing him to pay $5 a week for the child's support. Upon appeal to the Appellate Division, that court affirmed, one justice dissenting on the ground that certain evidence had been improperly rejected. From that nonunanimous affirmance, defendant has appealed to this court without permission.

Contrary to defendant's assumption, the appeal does not lie as of right; accordingly, it must be dismissed. That being so, it becomes pertinent to inquire whether leave to appeal must be obtained from a court or from a judge — whether the appeal is controlled by provisions applicable to civil or criminal proceedings, by Civil Practice Act or Code of Criminal Procedure.

A filiation proceeding initiated — as the present was — in a children's court, pursuant to the Domestic Relations Law, is civil and noncriminal in nature. Confirmation is furnished by the definition of a " crime " as well as by the inherent character of a criminal prosecution (Penal Law, § 2; see, also, *Hodson* v. *Hoff*, 291 N. Y. 518). Although we have held that a paternity suit is criminal in form (*Commissioner of Public Welfare* v. *Simon*, 270 N. Y. 188, 191; *Hodson* v. *Hoff*, *supra*), it must be observed that such statements were made, such rulings announced, in cases brought in the Court of Special

Sessions of the City of New York under the Inferior Criminal Courts Act — now known as the New York City Criminal Courts Act (L. 1910, ch. 659, as amd.) — and were regulated by the Code of Criminal Procedure. Civil in essence, the proceeding assumes a " criminal " form from its surroundings — from the fact that it is tried in a court of criminal jurisdiction. (Cf. *People* v. *Lewis,* 260 N. Y. 171.) The *Lewis* case is illuminative. We there held that, while a juvenile delinquency proceeding commenced. in a children's court under the Children's Court Act is noncriminal, it is to be regarded as " criminal " if instituted in a tribunal vested with " criminal jurisdiction " — such as, for example, the Buffalo City Court or the New York City Special Sessions Court. (See *People* v. *Lewis, supra,* pp. 174–176, 177, 178; *People* v. *Fitzgerald,* 244 N. Y. 307, 309–311.)

It follows from what we have said that, while a defendant would be required to procure permission from a judge — in accordance with the provisions of the Code of Criminal Procedure (§ 520, subd. 3) — if the filiation proceeding were tried in a court of criminal jurisdiction, defendant in the present case was called upon to obtain leave from the Appellate Division — in compliance with the Civil Practice Act (§ 589, subd. 1, cl. [b]) — because the proceeding had originated in the children's court. The circumstance that it was the county judge who presided does not render the children's court a county court, or a part thereof — in which case there could be an appeal as of right (Civ. Prac. Act, § 588, subd. 1, cl. [b]) — for, in Ulster County, the Children's Court was established, under Constitution and by statute, as a separate and distinct tribunal. (N. Y. Const., art. VI, § 18; Children's Court Act, §§ 3, 4.)

The appeal should be dismissed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Appeal dismissed.