226

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* PATRICK SHANNON, Also Known as PATRICK AUGUSTINE SHANNON, True Name PATRICK AUGUSTIN SHANNON, Appellant.

Second Department, February 27, 1956.

*John J. O'Reilly* for appellant.

*Frank D. O'Connor, District Attorney* (*Stephen J. Masse* and *Eugene James McMahon* of counsel), for respondent.

NOLAN, P. J. Appellant, having been indicted in Queens County, has been adjudicated a youthful offender, after a trial, on a superseding information charging, insofar as it is now pertinent, that he was a youthful offender in that he carried and possessed a sawed-off shotgun with intent to use it unlawfully against another. The judgment against him rests solely upon his admission to a police officer before his arraignment

that he had had the gun in his possession, and fired it, without additional proof that the act charged against him had been committed. Other evidence in the record was not connected with any possession or use of the gun by appellant, and the People do not contend that the evidence against him would have been sufficient to sustain a judgment convicting an adult, or appellant, if he had been tried on the indictment, of a violation of section 1897 of the Penal Law. We are agreed that it would not have been sufficient (cf. *People* v. *Nentarz,* 239 App. Div. 109), and that the sole question to be decided on this appeal is whether the judgment against appellant may stand, in view of the provisions of section 395 of the Code of Criminal Procedure, which, insofar as pertinent, reads: " A confession of a defendant, whether in the course of judicial proceedings or to a private person, can be given in evidence against him, * * * but is not sufficient to warrant his conviction, without additional proof that the crime charged has been committed."

The District Attorney asserts that appellant's guilt of the offense charged against him was sufficiently established by his voluntary admission, and that section 395 of the code has no application, because appellant was not convicted of a crime.

We are unable to agree with the learned District Attorney in his interpretation of the law. We do not doubt the beneficent purpose of the youthful offender statutes (Code Crim. Pro., tit. VII-B; §§ 913-e–913-r), which expressly provide that no youth *shall* be denominated a criminal by reason of an adjudication that he is a youthful offender, and that such a determination *shall* not be deemed a conviction (Code Crim. Pro., § 913-n). The fundamental point, however, with respect to such an adjudication, is that it may be made only in a criminal action, and may not be made unless it be found that the defendant, so adjudged, has committed a crime (Code Crim. Pro., § 913-e). The adjudication may only follow an indictment found or an information laid in a court of criminal jurisdiction. The youth accused of the offense is required to plead guilty or not guilty to the charge made against him (Code. Crim. Pro., § 913-g). If a plea of not guilty is entered the adjudication may be made only after a trial at which it must be found that the defendant committed *the acts charged against him in the indictment or information* (Code Crim. Pro., §§ 913-h, 913-j). Those facts, in our opinion must be proved in the same way as if the charge were made against an adult, by competent and sufficient evidence. (*People* v. *Fitzgerald,* 244 N. Y. 307.)

*People* v. *Fitzgerald* (*supra*) involved a judgment of the Children's Court of the City of Buffalo, a court vested by statute (Children's Court Act of Buffalo, L. 1925, ch. 385, since repealed) with criminal jurisdiction. The charge against the defendant, a boy under sixteen, was that of burglary, or at least of acts which would have constituted burglary if committed by an adult. He was convicted on the testimony of an alleged accomplice, uncorroborated except by his own confession produced by threats. It was contended in that case, as in this, that the rules of evidence provided by the Code of Criminal Procedure, were not applicable, since Fitzgerald was not charged with, or convicted of, a crime. That contention was rejected in the Court of Appeals, Judge CRANE stating for a unanimous court, at pages 315–316: "What are the facts in this case? The defendant, a boy fifteen years of age, was charged by a police officer with having committed burglary and larceny, in that he broke and entered the home of one Edward Hammersmith on the tenth day of January, 1926, and stole money therefrom. He was brought into the Children's Court of Buffalo for trial. He was put on trial, and the fact — and the only fact — which justified his conviction was proved by incompetent evidence, the uncorroborated testimony of an alleged accomplice, and a confession procured by threats of violence. The proceeding resulted in a conviction and a sentence — call it what we will — which deprived the boy of his liberty. The Children's Court Act in the interest of the child called such a proceeding a hearing, and the offense committed, if proved, delinquency, not burglary or larceny. This is the only change in substance that this law of the Children's Court has made regarding such a charge. The facts, however, of the charge must be proved against the child in the same way as if the charge were made against an adult, that is, by competent evidence. This was not done. The evidence taken in this case was not competent or sufficient to convict an adult; therefore, it was insufficient to convict this boy."

What was said in the *Fitzgerald* case, is, in our opinion, pertinent here. Whether a defendant is prosecuted on an indictment, or tried as a youthful offender, the acts to be proved remain the same, and proof of the acts is equally necessary whether the determination to follow is to be called a conviction or an adjudication. As we read the applicable statutes, proof which is insufficient to sustain a conviction in the one case is equally insufficient to sustain what is called an adjudication in the other. (Code Crim. Pro., §§ 395, 913-e, 913-j, 913-q.)

We do not consider *People* v. *Lewis* (260 N. Y. 171) an authority to the contrary. That case involved a juvenile delinquency proceeding under the Children's Court Act of the State of New York (L. 1922, ch. 547, as amd.). Although the title of the proceeding was stated as " The People of the State of New York v. Arthur L. Lewis ", and the adjudication appealed from was referred to as " a judgment of the Broome County Children's Court *convicting the defendant* " (emphasis supplied), Judge CROUCH, who wrote the prevailing opinion in the Court of Appeals, immediately seized on this erroneous description of the determination under review, stating at page 173: " This is a juvenile delinquency proceeding under chapter 393 of the Laws of 1930, known as the Children's Court Act of the State of New York. Its proper title is not ' The People of the State of New York against Arthur L. Lewis,' as printed on the record and briefs. It was commenced and carried to judgment under the correct title of ' In the Matter of Arthur Lewis, a child under the Age of Sixteen Years.' (§ 10.) The distinction is not without significance." That statement indicates the fundamental distinction between the *Fitzgerald* case and the *Lewis* case.

Lewis, the so-called defendant in "*People* v. *Lewis* " was adjudged a delinquent child in Children's Court, on his own statement, made before the Children's Court Judge, that he had broken into a store in Binghamton, stolen money, and thereafter was involved in the theft of three automobiles. In the Appellate Division (235 App. Div. 559) the judgment against him was reversed on the ground that it was supported by no evidence received in his presence except his uncorroborated admission, and because he was not advised of his constitutional rights to counsel and to refrain from testifying against himself. In the Court of Appeals, the question of the necessity for corroborating evidence was disposed of summarily by the statement at page 174 that: " Even in a criminal trial the confession which requires corroboration to sustain conviction is only the extra judicial confession, not the admission made in open court on the witness stand. (16 C. J. 735, § 1514.) If the hearing here had been a criminal trial, its sole defect would have been the failure to warn against self-incrimination. But it was not a criminal trial and there was no defect."

In distinguishing the *Fitzgerald* case (*supra*) the Court of Appeals pointed out that the proceedings under the Buffalo Children's Court Act there involved were similar to those under section 486 of the Penal Law, stating at page 175: " As the

opinion also points out, a distinction existed under both statutes between children who fell within the neglect and delinquency provisions not involving acts of a criminal nature, and children who had committed specific acts which had always been and were still regarded as criminal. That distinction was a recognized if not an adjudicated one under section 291 of the Penal Code, which was the forerunner of section 486 of the Penal Law. In the one case, the proceeding was not regarded as criminal in its nature; rather, it was said to be benign and protective. In the other, though often resulting in a commitment to a reformatory instead of to a prison, the proceeding was one to punish for crime; the child was a ' defendant ' standing ' in the attitude of a criminal duly convicted of crime.' (*Matter of Knowack*, 158 N. Y. 482, 487.) '' The opinion further states (p. 177), with reference to proceedings under the Children's Court Act of the State of New York:

'' So much has been written, judicially and extrajudicially, about the sociological and legal aspects of juvenile delinquency, and about the public policy which underlies such statutes as the one in question, that a detailed discussion here would be trite. For the purposes of this case, the fundamental point is that the proceeding was not a criminal one. The State was not seeking to punish a malefactor. It was seeking to salvage a boy who was in danger of becoming one. In words which have been often quoted, ' the problem for determination by the judge is not, Has this boy or girl committed a specific wrong, but What is he, how has he become what he is, and what had best be done in his interest and in the interest of the state to save him from a downward career.' (23 Harvard Law Review, 104, 119, ' The Juvenile Court,' by Julian W. Mack.)

'' The evidence of his specific acts was relevant as an aid in answering those questions. Since the proceeding was not a criminal one, there was neither right to nor necessity for the procedural safeguards prescribed by constitution and statute in criminal cases.''

The distinction between the *Fitzgerald* case and the *Lewis* case is manifest. As was said in *Matter of Clausi* (296 N. Y. 354, 356): '' The *Lewis* case is illuminative. We there held that, while a juvenile delinquent proceeding commenced in a children's court under the Children's Court Act is noncriminal, it is to be regarded as ' criminal ' if instituted in a tribunal vested with ' criminal jurisdiction ' — such as, for example, the Buffalo City Court or the New York City Special Sessions Court. (See *People* v. *Lewis, supra,* pp. 174–176, 177, 178;

*People* v. *Fitzgerald,* 244 N. Y. 307, 309–311.) '' The distinction between the *Lewis* case and the case which we are here considering is equally clear. We assume that the Legislature had in mind to a great extent the same benign and protective purposes when it enacted the youthful offender statutes as it had when it enacted the Children's Court Act. The youthful offender proceedings, however, unlike the delinquency proceedings in the Children's Court, remain, by the express direction of the Legislature, in courts of criminal jurisdiction, and are governed by the provisions of the Code of Criminal Procedure insofar as they are applicable and not inconsistent with the youthful offender sections. (Code Crim. Pro., § 913-q.) In our opinion, section 395 of the code is applicable, and is in no way inconsistent with the provisions of title VII-B. We are not unmindful that section 395 provides that an uncorroborated confession is insufficient *to warrant a conviction* and that section 913-n of the same code provides that a determination such as that under review *shall not be deemed* a conviction. The latter section, in our opinion, speaks of the future effect of such a determination, and not of its immediate effect or consequences. (See 1945 Atty. Gen. 188.) In view of its clear purpose to benefit defendants adjudged youthful offenders, we do not believe that it was the legislative intent to withdraw from such a defendant, on his trial, the statutory protection against false accusations given to adults, or to make it possible that he could be convicted on unsupported proof of an extrajudicial admission of an offense which might not have been committed by anyone. (Cf. *People* v. *Cuozzo,* 292 N. Y. 85, 92, and *People* v. *Lytton,* 257 N. Y. 310, 314.) The primary if not the sole purpose of section 913-n, insofar as it provides that such a determination shall not be '' deemed a conviction '', is to prevent the determination from being so adjudged for the purpose of the imposition of increased punishment on a subsequent conviction of the same defendant of the commission of crime. Insofar as its immediate effect and consequences are concerned, the adjudication, involving as it does a finding that the defendant is guilty of a crime (Code Crim. Pro., § 913-e) after a plea of guilty or a trial, and carrying with it the possibility of a commitment (Code Crim. Pro., § 913-m; Correction Law, § 61) and the preservation of the defendant's finger-print records by the division of identification of the Correction Department (Code Crim. Pro., § 913-o), has all the essential features of a conviction as that term is ordinarily understood by lawyers and laymen alike. (Cf. *Blaufus* v. *People,* 69 N. Y. 107, 109.) In our opinion, it is a conviction

within the meaning of section 395 of the Code of Criminal Procedure.

In accordance with the foregoing, the judgment must be reversed, but the charge against appellant should not be dismissed. If sufficient evidence is available to support the charge, the People should have an opportunity to produce it.

The judgment should be reversed on the law and a new trial ordered. In view of the determination that the evidence is insufficient, as a matter of law, the findings of fact have not been considered.

No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment.

WENZEL, BELDOCK, MURPHY and HALLINAN, JJ., concur.

Judgment of the County Court, Queens County, reversed on the law and a new trial ordered. In view of the determination that the evidence is insufficient, as a matter of law, the findings of fact have not been considered.

No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment.