PER CURIAM. Whether the actual duration or the expectancy theory should be applied in the will before us, need not be and is not now determined, but is left open. Under any method of computation, Dartmouth College has not yet received one-half of the estate of the testatrix, computed as of the date of her death. The decree upon the accounting by the trustees for Helen R. B. Sears should, therefore, be modified by striking out the 5th, 6th and 8th paragraphs thereof following the recitals, and the decree upon the accounting by the trustees for Helen R. B. Sears and William S. Robinson should be modified by striking out the 6th, 7th and 9th paragraphs thereof following the recitals, and as so modified affirmed, without costs. Present — Dowling, P. J., Merrell, Martin, O'Malley and Proskauer, JJ. On first appeal: Decree modified by striking out the 5th, 6th and 8th paragraphs thereof following the recitals, and as so modified affirmed, without costs. On second appeal: Decree modified by striking out the 6th, 7th and 9th paragraphs thereof following the recitals, and as so modified affirmed, without costs. [130 Misc. 337.]

SPANIER WINDOW CLEANING CO., INC., Respondent, v. "JOHN" AWERKIN, the First Name "John" Being Fictitious, etc., as President, and HARRY FEINSTEIN, as Secretary of the WINDOW CLEANERS' PROTECTIVE UNION, LOCAL No. 8, an Unincorporated Association Composed of More Than Seven Members, and Others, Appellants.

PER CURIAM. The order appealed from should be modified by inserting before the words " from picketing and aiding," the words " except as hereinafter expressly stated; " and further by adding at the end of the order the words: " Nothing herein contained shall be deemed to enjoin the defendants from peaceful picketing without force, violence or intimidation, provided that no placard or sign used by the defendants, or any of them, or their pickets, shall contain the names of any of the plaintiff's customers, or refer directly or indirectly to the buildings of plaintiff's customers, or to the names or identity of such customers, and the carrying of any placard or sign with such a reference, direct or indirect, is expressly enjoined." As so modified the order will be affirmed, with ten dollars costs and disbursements

to the respondent. Present — Dowling, P. J., Merrell, Finch, McAvoy and Proskauer, JJ. Order modified as indicated in opinion and as so modified affirmed, with ten dollars costs and disbursements to the respondent.

JULIUS GREEN and Another, Trading as GREEN & PORGES, and Others, Respondents, *v.* HENRY ROSENBERG, Appellant.

Judgment affirmed, with costs. No opinion. Present — Dowling, P. J., Finch, McAvoy, Martin and O'Malley, JJ.; Finch, J., dissents and votes to reverse and dismiss the complaint.

FINCH, J. (dissenting). The nature and extent of the original contract between the defendant and the plaintiff is not before us as an issue, and consequently neither party was called upon to litigate the question. The rights here start with the written contract or arbitration and are to be based thereon. The all-important clauses in this contract are as follows: " The seller agrees to turn over to the buyer such allowances as will be granted the seller from the shipper by such arbitration and the buyer agrees to accept same in full settlement of his claim," and " The allowance, if any, that may be awarded, shall be paid to the said Green and Porges and John Burger Co. immediately after the said Henry Rosenberg shall have received the same from the said Workman & Silver Import Co., who are also parties to and bound by the said arbitration." The defendant thus entered into an arbitration agreement which expressly provided that a condition precedent to his liability should be the receipt of any allowance from the shipper and no liability on the part of the defendant should arise until after the receipt of the allowance from the seller, and further the plaintiff expressly agreed to accept this sum as a full accord and satisfaction. How can we now construct a new agreement for the parties and in effect hold that the defendant would have agreed to arbitrate if he was to become liable to the plaintiff for the quality of the goods, irrespective of any liability to him on the part of his shipper? The defendant can only be held liable in accordance with the ordinary import of the language of the agreement which he has entered into. The plaintiffs failed to establish the express condition precedent to liability on the part of the defendant. (*Koster* v. *Lafayette Trust Co.*, 207 N. Y. 336.) In that case money had been loaned to a trust company to be repayable " whenever the surplus of said Trust Company shall exceed the sum of one hundred fifty thousand dollars." The trust company thereafter went into the hands of the Superintendent of Banks and the plaintiff sued. Judge GRAY, for the court, held that the plaintiff could not recover the amount loaned because he could not show compliance with the condition precedent, namely, the accumulation of the prescribed surplus, saying: " There was no debt *in præsenti* and it was made a condition precedent to the defendant's becoming a debtor that it should have accumulated a surplus of $150,000." I dissent and vote to reverse the judgment appealed from and dismiss the complaint.

SIMON SCHNEIDER v. ABRAHAM BRENNER, Impleaded, etc.— Motion granted. Present — Dowling, P. J., Finch, McAvoy, Martin and O'Malley, JJ.

NOMA ELECTRIC CORPORATION v. MORRIS PROPP and Another.— Motion granted