PAULINE STOFSKY and ABRAHAM STOFSKY, Appellants, v. JACOB SEIGLER and REBECCA SEIGLER, Respondents.— Judgment reversed on the law and the facts and a new trial granted, costs to appellants to abide the event, on the ground that the verdict is against the weight of evidence on the question of damages in favor of Pauline Stofsky, the amount allowed being inadequate, and on the ground that the verdict for defendants against the plaintiff husband is inconsistent with the verdict in favor of the wife, Pauline Stofsky. Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ., concur.

GEORGE F. STUHMER & COMPANY, Respondent, v. LOUIS KORMAN, as Treasurer of Bakery and Confectionery Workers International Union of America, Local 505, and Others, Appellants.* — Judgment affirmed, with costs. The precise question presented by this appeal has never been determined by the Court of Appeals, but, on principles laid down by that and other courts, we are of the opinion that the warnings or threats of the defendants to plaintiff's customers that they would be picketed if they dealt in plaintiff's bread, and the meetings called in front of their stores, and the committees — from six to ten in number — visiting said stores in a truculent manner, followed by actual picketing in those cases where the storekeepers refused to comply with the defendants' demands, constituted a form of intimidation and coercion of the customers which compelled their compliance through fear of loss or damage to themselves and constituted a secondary boycott. (Duplex Co. v. Deering, 254 U. S. 443; Auburn Draying Co. v. Wardwell, 227 N. Y. 1; Commercial House & Window C. Co. v. Awerkin, 226 App. Div. 734; Allied Window & House Cleaning Contractors v. Palmerie, 229 id. 854.) We are further of the opinion that the undisputed fact that the defendants permitted, without objection, the sale by plaintiff's customers of other non-union bread justifies the inference that the purpose of their acts toward plaintiff's customers was designed not to better labor conditions, but to destroy plaintiff's business. All these facts as above stated warranted the finding of the trial court to that effect. Young, Kapper and Davis, JJ., concur; Lazansky, P. J., concurs in result; Carswell, J., dissents.

FRANK J. TAYLOR, Commissioner of Public Welfare of the City of New York, on Complaint of ESTELLE HOROWITZ, Respondent, v. WILLIAM DIAMOND, Appellant.— Order of filiation of the Court of Special Sessions of the City of New York, Borough of Brooklyn, and order denying motion that blood tests be taken, unanimously affirmed, with costs. The case of Hayt v. Brewster, Gordon & Co., Inc. (199 App. Div. 68) was determined on the statute (formerly section 873 of the Code of Civil Procedure, now section 306 of the Civil Practice Act). In the absence of statutory authority, the Court of Special Sessions in a paternity proceeding may not compel blood tests to be taken. There is no such authority to be found in the Inferior Criminal Courts Act (Art. V), relating to paternity proceedings triable exclusively in the Court of Special Sessions of the City of New York. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.

FRANK J. TAYLOR, Commissioner of Public Welfare of the City of New York, on Complaint of FRANCES MCGRORY, Respondent, v. JOHN HOWLEY, Appellant.— Order of filiation of the Court of Special Sessions of the City of New York, Borough of Brooklyn, unanimously affirmed. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ.