MANHATTAN STEAM BAKERY, INC., Respondent, *v.* SAMUEL (True Name Oscar) SCHINDLER, as Treasurer of Bakery & Confectionery Workers International Union of America, Local 505, Defendant, Impleaded with WILLIAM GOLDIS, as President of International Brotherhood of Teamsters, Local 138, Appellant.

Second Department, April 5, 1937.

468

*Edward C. Maguire*, for the appellant.

*Benjamin C. Ribman*, for the respondent.

PER CURIAM. It is conceded that the subjects of the industrial dispute between the employer and employees, as well as the demands of the latter on the former, were legitimate. Therefore, peaceful picketing of the premises of the employer with banners bearing truthful legends is permissible, under well-established principles of law, when it is done without malice, force, violence or intimidation. It is a well-recognized form of economic persuasion. Under similar circumstances, though it be sometimes called a secondary boycott, peaceful picketing in front of the premises of a customer of an employer, with a sign stating that the customer is handling an article made by the employer fairly under the ban of the employees' union, is likewise lawful. There is a definite industrial relation between the sale of plaintiff's product and the aims and objects of defendant's union. " ' Picketing ' connotes no evil." (*Exchange Bakery & Restaurant, Inc.*, v. *Rifkin*, 245 N. Y. 260.) Contrary to the finding of the trial court, there was not indicated, under the facts stipulated, any malice, force, violence or intimidation, express or implied. One or more of these elements were present in *Auburn Draying Co.* v. *Wardell* (227 N. Y. 1) and *Stuhmer & Co.* v. *Korman* (241 App. Div. 702; affd., 265 N. Y. 481). Here the customer was requested not to deal in the article made by the employer, and to handle union-made goods only. Since such picketing of the customer is permissible, a warning that it would be continued if the customer did not refrain from dealing in the banned article is not wrongful. What one may lawfully do, one may warn that it will be done. The procedure adopted by the employees was " a legitimate means of economic coercion." (*Stillwell Theatre, Inc.*, v. *Kaplan*, 259 N. Y. 405, 410.)

The judgment should be reversed on the law, with costs, and the complaint dismissed, with costs. The appeal from the order denying the motion to dismiss the complaint for insufficiency should be dismissed, without costs.

LAZANSKY, P. J., JOHNSTON and CLOSE, JJ., concur; HAGARTY and DAVIS, JJ., concur in the dismissal of the appeal from the order denying motion to dismiss the complaint, but dissent and vote to affirm the judgment, with costs, with memorandum.

HAGARTY, J. (dissenting in part). This case was presented upon a stipulation of admitted facts. The facts as thus stipulated, and the inferences properly to be drawn therefrom, establish the following: The appellant's representatives followed plaintiff's vehicles to the places of business of its customers. They informed such customers that they would be picketed, but that if they discontinued the purchase and sale of plaintiff's products and purchased union-delivered products instead, they would not be picketed. In the event that the customer did not acquiesce, he was subjected to picketing consisting of one or two persons walking in front of his place of business, bearing a sign reading in part, " This Store Receives Rolls and Bread Delivered by Non-Union Drivers." In my opinion, these acts of the appellant constituted an unlawful secondary boycott *per se* which was not rendered lawful because of the legality of appellant's objectives or abstention from fraud, violence or breach of the peace. In *Kronowitz* v. *Schlansky* (249 App. Div. 636) we held lawful the use of a sign which appealed to workers and sympathizers to demand products with the union label, but even then by the use of one picket only and not directly in front of the premises of a customer. That sign in no way referred to a customer. Even so, when picketing with such a sign in front of a customer's place of business was used as a means of coercion, its use was enjoined. (*Stuhmer & Co.* v. *Korman,* 241 App. Div. 702; affd., 265 N. Y. 481.) The sign here in question is not an advertisement of the union label; it is a direct appeal to the public to refrain from patronizing a specific customer. It is a boycott. (*Auburn Draying Co.* v. *Wardell,* 227 N. Y. 1.) We are not referred to any appellate authority in this State which expressly or impliedly holds legal the picketing of a customer of the employer with a sign such as the one here involved. If legal, there is no logical reason for denying extension of similar practices to and upon the ultimate consumer. But the First Department in *Spanier Window Cleaning Co., Inc.,* v. *Awerkin* (225 App. Div. 735) modified a temporary injunction so as to permit picketing, but expressly provided that no placard or sign used should contain the names of any of plaintiff's customers or refer to them directly or indirectly.

I am further of opinion that finding of fact 52 should be modified by striking out the words " all of the said acts herein enumerated and " and inserting in place thereof the specific acts enumerated; that findings of fact 54, 55, 56, 57 and 58, and conclusion of law 14 should be reversed and a new conclusion made as follows: " 14. That the objections made by plaintiff and the motions to strike out exhibits, set forth in the notice of objections dated June 23, 1936, served by plaintiff, are hereby denied." The findings

of fact which I believe should be reversed are not, in my opinion, supported by the aforesaid stipulation of facts. The portions of the stipulation which I believe should be reinstated relate generally to the aims and purposes of the appellant and its attempt to have plaintiff conform to the standards established elsewhere, and show the existence of a labor dispute. Although the appellant contends that the judgment is too general in its language, it does not seek modification by elimination of any specific portions thereof or additions thereto. I am further of opinion that the constitutionality of section 876-a of the Civil Practice Act need not be determined here, as the injunction is consonant with its provisions. The question of the duration of the judgment is not in issue on this appeal and the decision establishes the jurisdictional requirements of section 876-a of the Civil Practice Act.

The judgment should be affirmed, with costs, and the appeal from the order denying the motion to dismiss the complaint dismissed.

Davis, J., concurs.

Judgment reversed on the law, with costs, and complaint dismissed, with costs; appeal from order denying motion to dismiss the complaint for insufficiency dismissed, without costs. Findings of fact and conclusions of law inconsistent herewith are reversed.

Settle order on notice.