THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK J. WALSH (on Behalf of MAX KATZ), Relator, against HARRY T. ASHWORTH, as Warden of the New York City Penitentiary, Defendant.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK J. WALSH (on Behalf of LOUIS WEXLER), Relator, against HARRY T. ASHWORTH, as Warden of the New York City Penitentiary, Defendant.

Supreme Court, Special Term, Bronx County, July 10, 1945.

*Frank J. Walsh,* relator in person.

*Frank S. Hogan, District Attorney (Lawrence McKenna of* counsel), for defendant.

EDER, J.  The only point which merits attention is the relator's claim that the prisoners were induced by trickery and fraud to enter a plea of guilt, and their premise is, seemingly, that the judgment of conviction rendered by the Court of Special Sessions, New York County, is, in consequence, null and void, and they seek release from the sentence of imprisonment under which they are confined, by means of these habeas corpus proceedings.

The District Attorney raises a preliminary objection, urging that this court is, in the circumstances, without jurisdiction to entertain these proceedings and contends that under the rulings in *Matter of Morhous* v. *N. Y. Supreme Court* (293 N. Y. 131) and *People* v. *Gersewitz* (294 N. Y. 163) the only tribunal which is possessed of power to award redress to the prisoners is the said Court of Special Sessions, by a motion addressed to it, to set aside and vacate the judgment of conviction and that a habeas corpus proceeding will not lie. He requests that in the event that this court should conclude that it has jurisdiction herein, further proceedings be temporarily withheld to enable him to make application for a writ of prohibition directed to this court to enjoin further proceedings herein.

A judgment obtained by fraud, actual or constructive, is void, and it will be set aside upon application made therefor. The relator contends, however, that such an application cannot be entertained after the expiration of term time and that in the instant case the term of court expired so that the Court of Special Sessions is without power to grant such relief to the prisoners, and that in such a situation recourse to habeas corpus is proper and the only remedy available to them.

The court in the cases, *ut supra,* held that a court of criminal jurisdiction has " inherent " power to set aside a judgment procured by fraud and misrepresentation and to permit a defendant to withdraw a plea of guilt and that a motion to vacate the judgment is the corrective judicial process to remedy the alleged wrong to the defendant. In so holding that criminal courts have " inherent " power to set aside and vacate a judgment of conviction so procured, the Court of Appeals was alluding to and dealing with criminal courts which are courts of record; where the application is to set aside and vacate a judgment procured by fraud, the established rule is that term time is not a factor (34 C. J., Judgments, §§ 439, 496); another question arises where the tribunal is an inferior criminal court which is not a court of record like the Court of Special Sessions (N. Y. Const., art. VI, § 18.; N. Y. City Crim. Cts. Act, § 2; L. 1910, ch. 659).

" Inherent powers " are those resident in all courts of superior jurisdiction (*Little* v. *The State,* 90 Ind. 338, 339); inherent common-law power does not exist in inferior courts not of record; " Inferior courts not of record do not possess this power, unless conferred by statute " (34 C. J., Judgments, § 496, p. 280); inferior courts are established by the Legislature and are essentially statutory courts and hence as a general

rule possess and may exercise only such powers as are expressly conferred upon them.

No jurisdiction is conferred upon the Court of Special Sessions to set aside and vacate a judgment of conviction resulting from fraud after the expiration of the term. Since the Court of Special Sessions is without power or jurisdiction to act in the matter, there is no corrective judicial process or procedure therein by which a defendant in such a case may obtain relief. A habeas corpus proceeding would then seem to be the only instrumentality by means of which a defendant so circumstanced may assail the legality of the judgment of conviction and the sentence of imprisonment as one invalid and void because of fraud in its procurement and as forming the basis of a claim that he is being deprived of his liberty without due process of law. Therein I believe lies the difference which I think distinguishes the cases at bar from the *Morhous* and *Gersewitz* cases (*supra*) and permits the institution of habeas corpus proceedings and authorizes this court to entertain them and to proceed to a disposition on the merits. For the reasons stated the preliminary objection to the jurisdiction of this court is overruled.

To enable the District Attorney to apply for a writ of prohibition, further proceedings herein are adjourned to July 19, 1945, at 10:00 A.M., provided the application is promptly made for a writ of prohibition.