CORDEL GRANT, Complainant, *v.* ELLIOTT KONIS, Defendant.

Court of Special Sessions of the City of New York, April 30, 1953.

*Mitchell Salem Fisher* for complainant.

*Thomas F. Doyle* for defendant.

DAVIDSON, J. In this paternity proceeding cross motions have been made as follows:

(1) The defendant seeks to dismiss the proceeding for lack of jurisdiction pursuant to section 61 of the New York City Criminal Courts Act in that at the time of the conception of the child and up to the present, the complainant was and is a married woman living with her husband, and consequently the child in question is not a so-called natural child as defined by said section 61 (*supra*);

(2) The complainant moves for an adjournment of the trial of this action until one month after the birth of her child.

The defendant submits as exhibits, photostatic copies of documents from the files of the United States Immigration Authorities which contain a certificate attesting to a marriage between the complainant and one Cleveland Grant on August 14, 1950. This exhibit also contains a sworn statement by the latter that the complainant is his wife.

The complainant's papers submitted in opposition to this motion contain affidavits by the complainant and her alleged husband, Cleveland Grant, each of which categorically affirms that at the time of the alleged sexual relationship between the complainant and the defendant, the said Cordel Grant and Cleveland Grant were not in fact husband and wife, had not so been, and are not now husband and wife. Obviously we are confronted with a sharp conflict of fact as to whether complainant was married and living with her husband at the time of the conception of the child herein involved. If there were no such conflict at this point, and if instead, such marriage and cohabitation at the time of conception were undisputed, this court would be impelled to grant the defendant's motion to dismiss the complaint for want of jurisdiction.

In *Matter of Angarita* v. *Court of Special Sessions* (203 Misc. 12), Mr. Justice STEUER at Special Term, New York County,

granted an order of prohibition against the Justices of the Court of Special Sessions, preventing the trial of a paternity proceeding brought against the petitioner, Angarita, for the reason that the complainant was not a resident and did not reside in the United States but came to New York City solely for the purpose of instituting the paternity proceeding. In granting the order of prohibition, Mr. Justice STEUER stated (203 Misc. 12, 14): "If there were an issue of fact as to complainant's residence, this motion would necessarily fail."

A conflict of fact, absent in *Matter of Angarita* v. *Court of Special Sessions (supra)*, is indeed present in the case at bar. That question of fact, namely, whether or not the complainant was married and living with her husband at the time of the conception of the child precludes the granting of defendant's motion to dismiss the complaint.

Similarly in *Feyler* v. *Mortimer* (299 N. Y. 309), wherein the Courts of Appeals affirmed orders of this court and the Appellate Division, dismissing the complaint in a paternity proceeding, on the ground that mother and child resided in a foreign country, there was no dispute as to the fact of nonresidence.

In connection with the complainant's motion for an adjournment until one month after the birth of her child, it is clear that a paternity proceeding may be commenced during pregnancy (N. Y. City Crim. Cts. Act, § 64, subd. 1; L. 1910, ch. 659) and, in the absence of a demand by the *defendant* for a blood test, may be tried during pregnancy. (*Thomson* v. *Elliott*, 152 Misc. 188; see opinion of this court in *Fowler* v. *Rizzuto*, 121 N. Y. S. 2d 666.)

No valid reason appears why this case should not be tried during pregnancy and before the birth of the child. The defendant has not demanded a blood test, which would in effect mandate an adjournment until after birth. In this case it is the complainant who requests a blood test and such a request by the complainant is not authorized by law. (*Matter of Ketcham*, 254 App. Div. 776; *Flippen* v. *Meinhold*, 156 Misc. 451.) A blood test is obviously for the sole benefit of the defendant, and this court is of the opinion that the complainant's request for the test is motivated not by a desire to benefit the defendant, but as a means of securing a lengthy adjournment of the trial.

Sidney Schatkin, in his authoritative work on "Disputed Paternity Proceedings" [2nd ed.], states as follows at page 155: "The mother's request for a blood test will be denied * * * for the best she can expect is an inconclusive result, which is not admissible for evidence, for it indicates a mere possibility of paternity."

Since the sharp issue of fact regarding the complainant's marriage, cohabitation with her husband, and his access to her cannot be summarily disposed of by this motion, and since it would be obviously unfair to the defendant to grant the complainant a lengthy adjournment of the trial herein merely because of the imposition by her of an unauthorized demand for a blood test, both motions are accordingly denied and the case is set down for trial May 7, 1953.

The motion by the *complainant* for an order directing the issuance of a commission to take the testimony of certain individuals in Nassau, the Bahamas, upon interrogatories to be supplied and annexed to said commission, must now be considered by the court in view of the date of trial provided in the preceding paragraph. It seems that the purpose of that commission to take testimony in the Bahama Islands is to assist the complainant to establish at the trial that there was no marriage between herself and Cleveland Grant.

In the *Matter of Clausi* (296 N. Y. 354), Judge FULD, writing for a unanimous Court of Appeals, stated in part as follows, at pages 355–356: "Although we have held that a paternity suit is criminal in form (*Commissioner of Public Welfare* v. *Simon*, 270 N. Y. 188, 190, 191; *Hodson* v. *Hoff, supra*), it must be observed that such statements were made, such rulings announced, in cases brought in the Court of Special Sessions of the City of New York under the Inferior Criminal Courts Act — now known as the New York City Criminal Courts Act (L. 1910, ch. 659, as amd.) — and were regulated by the Code of Criminal Procedure. Civil in essence, the proceeding assumes a ' criminal ' form from its surroundings — from the fact that it is tried in a court of criminal jurisdiction."

In dismissing the appeal in that case, Judge FULD pointed out that, for example, if a paternity proceeding is brought in a criminal court an appeal therefrom is regulated by the Code of Criminal Procedure and not by the Civil Practice Act.

Therefore, in passing upon this application by the complainant for the issuance of a commission to take testimony, this court must necessarily have recourse solely to the provisions of the Code of Criminal Procedure.

Sections 636 and 637 of the Code of Criminal Procedure limit the right to examine a witness residing outside the jurisdiction on a commission to take testimony, to a defendant. There is no authority in the Code of Criminal Procedure for the examination of a nonresident witness by the issuance of a commission

by the complainant, and this court cannot read into those statutes something that is not there.

The purpose of complainant's motion to examine witnesses in the Bahamas and present such testimony at the trial in the form of interrogatories is to negative the existence of a marriage. That may very well be the crucial issue in the case. The defendant is entitled to be confronted by the witnesses who are offering such testimony and is entitled to cross-examination of such witnesses. That safeguard, to which the defendant is entitled, is no doubt contemplated by sections 636 and 637 of the Code of Criminal Procedure which limits the right to apply for such a commission to the defendant only. It, therefore, rests upon complainant in her discretion to produce in court the witnesses from the Bahamas. The defendant is entitled to the right of cross-examination of witnesses from the Bahamas or elsewhere who may testify on the critical issue of the marriage.

Accordingly, the complainant's motion for the issuance of a commission to take testimony upon interrogatories is denied.

HOFFMAN and MULCAHY, JJ., concur.