MICHAELA MEISSNER, Complainant, *v.* HAROLD FISCHMAN, Defendant.

Court of Special Sessions of the City of New York, New York County, October 29, 1954.

*Mandelbaum & Chassen* for defendant.

*Kunstler & Kunstler* for complainant.

CANNELLA, J. This is a motion by defendant, appearing specially, to dismiss on the ground that the court lacks jurisdiction of this proceeding. More specifically, defendant asserts that complainant is an alien and resides, not in the United States, but in Israel. In support of this contention, defendant relies upon *Feyler* v. *Mortimer* (299 N. Y. 309) and *Matter of Angarita* v. *Court of Special Sessions* (203 Misc. 12). The court is familiar with both of the cited cases.

The jurisdictional facts in this case distinguish it from the *Feyler* and *Angarita* cases. In *Feyler* v. *Mortimer* (*supra*) the complainant, at all times a national and resident of Germany (she had mailed the complaint from Germany to New York City), was denied the right to bring suit in the Court of Special Sessions in view of section 135 of the Domestic Relations Law, which makes mandatory complainant's residence within the United States.

In the *Angarita* case, although the defendant resided in the city of New York, the complainant, a resident of Venezuela, came to New York City for the sole purpose of bringing suit (the two children involved were in Canada). In the *Angarita* case, Justice STEUER was careful to point out that (p. 14): '' If there were an issue of fact as to complainant's residence, this motion would necessarily fail.''

On the other hand, in the instant case, the complainant has lived in the United States since May 13, 1952. From May, 1952, until about September, 1953, she lived at 6 S. Ridge Road, Greenbelt, Maryland. From September, 1953, she lived at 99 East 4th Street, New York City, except for a short visit to her parents in London, in June, 1954.

Unlike the *Angarita* case, complainant did not come here for the sole purpose of instituting suit. She came here as a student, and during the course of her stay here, she became involved with the defendant.

As noted, complainant has been in the United States since May of 1952. She is now pregnant, allegedly by the defendant.

For the purposes of the paternity statute, this court holds that this complainant " resides " in the city of New York within the meaning of section 64 of the New York City Criminal Courts Act, and section 122 of the Domestic Relations Law.

Accordingly, defendant's motion to dismiss the complaint is denied, and defendant is hereby directed to enter a general appearance and plead to the charge.

Submit order.