Louis B. Heller, J.
(concurring). This is a motion for a new trial by the complainant, in a filiation case, on the ground of newly discovered evidence, pursuant to subdivision 8 of section 31 of the New York City Criminal Courts Act. The majority of the court (Heller and Schwartz, JJ.), after trial, denied a filiation order, Mr. Justice Rossbach voting to grant the order. Subsequently, the complainant appealed to the Appellate Division, First Department, and that appeal is now pending. Complainant now moves for a new trial.
At this point I deem it appropriate to set forth some of the evidence at the trial in order to show why the majority of the court was not satisfied that the defendant was the father of the child.
The complainant testified she was 34 years of age; was married at the age of 16 years; and has not worked since 1941. She admits that a number of men have ‘ ‘ kept ’ ’ her, but denies being a prostitute. Under cross-examination she identified four men who have assisted her financially or “kept” her during the past several years. She admits that even during the pregnancy allegedly caused by the defendant, another man contributed toward her support.
The majority of the court, having in mind the well-settled rule in paternity cases that the evidence required to justify the granting of a filiation order, viz., that the evidence of paternity must be clear, convincing and satisfactory, did not see its way clear to adjudge this defendant the father of the child. The promiscuity of the complainant, as indicated in the preceding paragraph, is one of the factors which, the majority of the court considered, rendered the complainant’s case something less tba.n ‘ ‘ clear, convincing and satisfactory. ’ ’
*723 The complainant testified that she had sexual relations with the defendant from about 1948 until March 3-4, 1956, and she became pregnant on March 3 or 4, 1956, as a result of sexual relations "with the defendant at the Savoy Plaza Hotel in New York City. The defendant admits he had sexual relations with her from 1949 until his marriage in 1953, and not thereafter. He denies specifically any sexual intercourse with her on March 3 or 4, 1956.
The complainant was a mental patient in the Mt. Sinai Hospital from November 3, 1955, until March 21, 1956, on which date she was transferred to the Manhattan State Hospital as a mental patient and was finally discharged on May 12, 1956.
When it is considered that the complainant alleged that she became pregnant on March 3-4, 1956, obviously the complainant was in the hospital during the entire period of possible conception of the child. Her stay at the hospital was, however, broken by two week-end passes, namely, March 3 and 4, 1956, and March 10 and 11, 1956. Complainant alleged the occurrence of intercourse with the defendant on March 3-4, 1956.
As for the week-end pass of March 10-11, 1956, the complainant testified that she spent that week end with a friend of hers, Mrs. Eonald Harry, at Mrs. Harry’s apartment, no men being present.
Under cross-examination, Mrs. Harry, with whom complainant spent such week-end, admitted that she had been arrested on charges of prostitution in both Detroit and Florida.
It is not necessary to recite any further details of the evidence, except insofar as they may be relevant to this motion.
This motion may be said to be based on two circumstances, namely (1) a conversation with the defendant in April, 1956, in which the defendant is alleged to have made a certain statement indicating responsibility for her pregnant condition and (2) a record of the New York X-ray Laboratory, which complainant claims showed that her urine specimen was taken to said X-ray laboratory and the result forwarded to the defendant’s physician.
As to the conversation in April, 1956, at Manhattan State Hospital, an affidavit in support of the motion is submitted by S. Catherine Turner, an attendant at Manhattan State Hospital, which states that on April 22, 1956, this affiant overheard the defendant say to the complainant, “It is impossible for you to have a baby. You must have an abortion. I will make the arrangements. ”
The affiant, S. Catherine Turner, did not testify at the trial, and it is complainant’s contention that her production in court *724 on a new trial, to testify to said admission by the defendant, will change the result of the trial.
The complainant also contends that the defendant requested Mrs. Harry to take a specimen of complainant’s urine to a laboratory to be tested. Complainant asserts that at the time of trial neither she nor Mrs. Harry could identify the laboratory to which the specimen had been brought. Subsequent to the trial Mrs. Harry recalled the name of the laboratory and now produces a card and certificate of the New York X-ray Laboratory on which appears the name of one Dr. Schlesinger, alleged to be the defendant’s physician.
It is apparently the complainant’s contention that if a new trial is granted the records of the New York X-ray Laboratory will be produced to show that a specimen of complainant’s urine was brought to that laboratory at the defendant’s suggestion, and that the results were to be forwarded to the defendant’s physician, Dr. Schlesinger.
Despite this alleged new matter, it is my opinion that the introduction of such new matter at a new trial would not change the result, because complainant’s testimony still falls short of the standard required by law.
A critical legal question is presented by this motion, namely, whether the complainant in a filiation case has the right to make a motion for a new trial.
Subdivision 8 of section 31 of the New York City Criminal Courts Act provides as follows: “ Section 31. Jurisdiction of Court of Special Sessions. The court of special sessions shall have jurisdiction as follows: * * * 8. The court of special sessions shall have power to grant a new trial where it is made to appear, by affidavit, that upon another trial the defendant can produce evidence such as, if before received, would probably have changed the verdict or judgment; if such evidence has been discovered since the trial, is not cumulative, and the failure to produce it on the trial was not owing to want of diligence. The court in such cases, can, however, compel the personal appearance of the affiants before it for the purpose of their personal examination and cross-examination, under oath, upon the contents of the affidavits which they subscribe.” (Emphasis mine.)
It is only too obvious that this statute, upon which the complainant relies in making this motion for a new trial, authorizes such new trial for the defendant exclusively. I cannot read into that statute any authorization for a complainant to make a motion for a new trial.
*725 The same reasoning applies with reference to section 465 of the Code of Criminal Procedure, which similarly authorizes a motion for a new trial by the defendant exclusively.
Section 76 of the New York City Criminal Courts Act, it is true, authorizes an appeal by the complainant in a filiation case, but is silent on the subject of a motion for a new trial by the complainant.
In Matter of Clausi (296 N. Y. 354) Judge Fuld, writing for a unanimous Court of Appeals, stated, in part, as follows pp. 355-356): “ Although we have held that a paternity suit is criminal in form (Commissioner of Public Welfare v. Simon, 270 N. Y. 188, 191; Hodson v. Hoff, supra), it must be observed that such statements were made, such rulings announced, in cases brought in the Court of Special Sessions of the City of New York under the Inferior Criminal Courts Act — now known as the New York City Criminal Courts Act (L. 1910, ch. 659, as amd.) — and were regulated by the Code of Criminal Procedure. Civil in essence, the proceeding assumes a ‘ criminal ’ form from its surroundings — from the fact that it is tried in a court of criminal jurisdiction.”
In Grant v. Konis (203 Misc. 1089) the complainant made a motion for the issuance of a commission to take testimony under sections 636 and 637 of the Code of Criminal Procedure. In that case, in denying such application, this court noted as follows (pp. 1092-1093): “ Sections 636 and 637 of the Code of Criminal Procedure limit the right to examine a witness residing outside the jurisdiction on a commission to take testimony, to a defendant. There is no authority in the Code of Criminal Procedure for the examination of a nonresident witness by the issuance of a commission by the complainant, and this court cannot read into those statutes something that is not there.”
This court, therefore, in the Konis case (supra) declined to read something into the statute that was not already there. By the same token, I will not read into the statute something that is not there; namely, a motion for a new trial by the complainant.
In the Clausi case (supra) the Court of Appeals held that in a paternity case pending in the Court of Special Sessions, New York City, this court must be guided by the provisions of the Code of Criminal Procedure. Nowhere in the Code of Criminal Procedure or in the New York City Criminal Courts Act is there any authorization whatsoever for the right of a complainant to move for a new trial.
It is my opinion that on all the evidence adduced at the trial the complainant’s proof does not measure up to the required standard of law and, accordingly, the majority of the court *726 denied a filiation order. I now hold that this court is without authorization or jurisdiction to grant a new trial to the complainant in a filiation case.
Accordingly, I vote to deny this motion.