Benjamin Gassman, J.
The complainant in this paternity proceeding moves for an order directing the issuance of a subpoena to one Gloria Fusco, a resident of the State of Massachusetts, directing her to appear as a witness in this court on behalf of the complainant. The moving papers allege that the said Gloria Fusco is a material witness for the complainant, and that complainant expects to prove through her that the said witness was present during the Christmas-New Year season of 1955-1956, at the time when the alleged act of sexual intercourse between the complainant and the defendant took place at her home.
Neither the Code of Criminal Procedure nor the New York City Criminal Courts Act make any provision for the issuance of such a subpoena. It is true that section 618-a of the Code of Criminal Procedure permits the summoning of a witness residing in another State to testify in a criminal proceeding pending in a court of record in this State, if the State wherein such witness resides makes provision for commanding persons within its borders to attend and testify in courts of record in this State. However, that provision applies only to courts of record, and the Court of Special Sessions is not a court of record. (People ex rel. Walsh v. Ashworth, 185 Misc. 391.)
We now come to the question whether the complainant is entitled to an order directing the issuance of a commission for the examination of the said witness in the State of Massachusetts. Subdivision 4 of section 31 of the New York City Criminal Courts Act provides in substance that all sections of the Code of Criminal Procedure consistent with the said act, regulating and controlling the practice and procedure of the Court of Gen *1074 eral Sessions in the County of New York, shall apply as far as may be to the practice and procedure in the Court of Special Sessions. Section 636 of the Code of Criminal Procedure permits the examination of witnesses residing out of the State only upon the application of the defendant. There is no provision for the issuance of a commission on the application of the People in a criminal case, and therefore, by implication, there is no authority for the issuance of a commission on the application of a complainant in a paternity proceeding. In People v. Bromwich (135 App. Div. 67, affd. 200 N. Y. 385) it was held that no commission may be had by the prosecution to take testimony of a witness without the State except that where a commission is obtained by a defendant under section 636, the People are permitted to join in the commission and to examine witnesses in support of the indictment.
In Grant v. Konis (203 Misc. 1089) this court had before it a motion by a complainant in a paternity proceeding for the issuance of a commission to examine witnesses in the Bahamas. In an opinion written by Justice Davidson, he said (pp. 1092-1093): “ Sections 636 and 637 of the Code of Criminal Procedure limit the right to examine a witness residing outside the jurisdiction on a commission to take testimony, to a defendant. There is no authority in the Code of Criminal Procedure for the examination of a nonresident witness by the issuance of a commission by the complainant, and this court cannot read into those statutes something that is not there ’ \
Accordingly, this motion should be in all respects denied.
Herder and Ferreri, JJ., concur.
Motion denied, etc.