Richards W. Haknah, J.
The issue presented to this court is an interpretation of section 521 of the Family Court Act, to wit: whether the Family Court has jurisdiction when a nonresident petitioner institutes a paternity proceeding against an alleged nonresident, who is found within a county of New York State.
The petitioner was and still is a resident of New Jersey who has instituted a paternity proceeding against an alleged resident respondent. The child, who has always been a nonresident, was born and has always lived in New Jersey. The respondent alleges that his only presence in New York State is that he works in Kings County.
On July 27, 1973 a verified paternity petition was filed and a summons was issued and addressed to him c/o Goya Foods Inc., 25 12th Street, Brooklyn, New York, and sent by regular mail by the Clerk of the court notifying him to appear on August 10, 1973. Upon the respondent’s failure to appear a warrant was issued for his arrest. Subsequently on August 15, 1973, the respondent appeared in court with his attorney to contest the jurisdiction of the court over the subject matter and person of the respondent and denied the allegations of the petition. At a hearing on September 6, 1973, respondent’s attorney again contested the court’s jurisdiction.
On September 21,1973 respondent moved to dismiss upon the aforesaid grounds, to wit: that he had been a resident of the State of New Jersey for over two years, offering several exhibits to substantiate the claim, as well as the nonresidence of the petitioner, the respondent and the child, plus the fact that the child was born in New Jersey, and the respondent also moved to dismiss alleging that the Family Court lacks personal jurisdiction over the respondent due to the alleged defective service.
Does this court have jurisdiction over the subject matter? The answer is in the affirmative. Section 521 of the Family Court Act is now the sole basis for determining jurisdiction in paternity proceedings and provides: ‘1 Proceedings to establish paternity may be originated in the county where the mother or child resides or is found or in the county where the putative father resides or is found. The fact that the child was born outside of the state of New York does not bar a proceeding to establish paternity in the county where the putative father resides or is found or in the county where the mother resides or the child is found.” (Italics ours.)
The afore-mentioned section superseded sections 122 and 135 of the Domestic Relations Law and section 64 of the New York *536 City Criminal Courts Act. The former sections were repealed simultaneously with the effective date of the Family Court Act, September 1, 1962, the latter section was repealed on September 1,1963.
Due to the paucity of decisions interpreting section 521 of the Family Court Act, this court will review the prior statutes and the case law in order to better discern the legislative intent behind the enactment of this section.
Former sections 122 and 135 of the Domestic Relations Law stated in part: “ Complaints may be made in the county where the mother or child resides or is found or in the county where the putative father resides or is found.”
“It is not a bar to the jurisdiction of the court that the complaining mother or child resides in another county or state, if the defendant he a resident of this state.” (Italics mine.)
In addition section 64 of the New York City Criminal Courts Act stated in part:1 ‘ Proceedings may be instituted if the mother or child resides or is found in the city of New York, or if the putative father resides or is found in the city of New York.”
In Matter of Angarita v. Court of Special Sessions (203 Misc. 12), the petitioner sought an order in the nature of a writ of prohibition against the Court of Special Sessions to prevent it from proceeding with a pending filiation action on the ground of lack of jurisdiction.
The respondent was a resident of New York. The complainant was a resident of Venezuela who had come into New York City for the purpose of bringing the paternity suit. The Supreme Court interpreted the phrase “ is found ” in section 122 of the Domestic Relations Law and in section 64 of the New York City Criminal Courts Act as including the situation where a person appears in person before the court. However, the court excluded residents of foreign countries even though it stated that residents of sister States were entitled to commence paternity actions here. The fact that the complainant was a resident of Venezuela proved fatal to her cause and accordingly the court granted the petitioner’s motion prohibiting the complainant from proceeding with the filiation action.
In the case of Matter of Anonymous v. Anonymous (20 Misc 2d 131) a nonresident complainant started a filiation proceeding in New York City Court of Special Sessions. The defendant moved to dismiss the proceeding for lack of jurisdiction upon the ground that neither party resided in the State of New York. The court denied the motion without prejudice for a renewal.
*537 The court reasoned that while section 64 of the New York City Criminal Courts Act conferred jurisdiction if the putative father either resided in or was found in the City of New York, it was limited by section 135 of the Domestic Relations Law which allowed a mother or child who resided in another county or State to bring a paternity action and the court would have jurisdiction only if the defendant is a resident of the State of New York.
The court further stated that if there were no provision for the defendant’s residence in New York in section 135, the mere finding of the defendant in New York City would be sufficient to confer jurisdiction.
Under the law existing prior to the enactment of the Family Court Act in order for the court to obtain jurisdiction over a paternity proceeding brought by a nonresident complainant, the defendant had to be a resident of the State of New York. The controlling provision was section 135 of the Domestic Relations Law. However, at the time of the enactment of the Family Court Act, section 135 of the Domestic Relations Law was repealed. Therefore commencing on September 1, 1962, section 521 of the Family Court Act is the sole basis for the Family Court’s jurisdiction in paternity proceedings.
The case of Matter of Urbancig v. Pipitone (23 A D 2d 193) held that the Legislature enacted section 521 of the Family Court Act with the intent of making a putative father responsible for his children even if they are nonresidents. The petitioner in this action was a resident of Toronto, Canada and the child was born there. The respondent was a resident of the State of New York. The court held that even though the petitioner was a resident of another country, the court would entertain the proceeding thus confirming the reasoning that paternity actions were transitory in nature.
A close scrutiny of the wording of section 521 of the Family Court Act reveals that, if either the petitioner or the respondent is found in a county of New York State, a paternity proceeding may be commenced in that county. The afore-mentioned section specifically states that the fact that the infant was born outside of the State of New York is not a bar to a paternity proceeding brought in this State.
The insertion of the words ‘ ‘ is found ’ ’ in the statute must have some purpose — otherwise they are superfluous. In the court’s opinion they were inserted to cover that group of respondents, who are constantly on the move and have no real roots in any State. To require that a respondent have a resi *538 dence or domicile would defeat the very purpose of their words. Certainly, a person such as this respondent, who has been employed in Kings County, New York State, for a number of years by one employer, should fall within the magic words ‘ ‘ is found ” and should be subject to the jurisdiction of this court. In fact, the place of employment is far more important than residence or domicile.
In the instant matter the petitioner has appeared in person before this court. Therefore, applying the rationale of Matter of Angarita v. Court of Special Sessions of City of New York (203 Misc. 12, supra), she “ is found ” in Kings County and thus entitled to bring a paternity proceeding in this State.
The respondent by working in Kings County ‘1 is found ’ ’ in said county.
The limitation that the respondent be a resident of New York which had been imposed by section 135 of the Domestic Relations Law has now been repealed. Thus applying the rationale of Matter of Anonymous v. Anonymous (20 Misc 2d 131, supra) to the wording of section 521 of the Family Court Act we find that this court has jurisdiction over the subject matter involved in the instant matter.
This court finds that the service of process on the respondent. was defective. It was adduced at the hearing that service was by ordinary mail. The requirements of section 525 of the Family Court Act have not been met and this court lacks personal jurisdiction over the respondent.
This court must vacate the service of the summons on the ground of improper service. Petitioner may if advised serve the respondent as required by the statute.