OPINION OF THE COURT
Mortimer Getzels, J.
Petitioner moves by order to show cause to vacate this court’s dismissal without prejudice of a paternity proceeding, to restore the case to the calendar and to direct respondent to submit to a human leucocyte antigen (HLA) blood test.
Petitioner is pregnant and expects her child to be born in September, 1982. She filed a petition in April, 1982 alleging respondent to be the father of the child and requested the court to order the parties, including the unborn child, to undergo an HLA test immediately, fearing that respondent would leave this country before the child’s birth. Respondent, a Greek national, was a graduate student at City College and was due to complete his degree program in May, 1982.
In light of the failure of petitioner to advance any proof that an HLA test performed prenatally is either scientifically reliable or within the statutory provisions of the Family Court Act and upon the sworn testimony of respondent that he was remaining in the United States, the court *193 dismissed the petition without prejudice to renew after the birth of the child.
Petitioner’s instant motion to vacate that dismissal is based on two articles published in medical journals attesting to the reliability of prenatal HLA testing. Respondent opposes the motion asserting that the Family Court Act does not make provision for prenatal HLA blood tests.
Section 532 of the Family Court Act provides that: “The court, on motion of any party, shall advise the parties of their right to a blood test and shall order the mother, her child and the alleged father to submit to one or more blood grouping tests” (emphasis added).
Child, as defined by article 5 of the Family Court Act, is “a child born out of wedlock.” (Family Ct Act, § 512; emphasis added.) Nowhere in article 5 is provision made for testing of a fetus. The plain meaning of the statute is to allow blood tests to be made on a child already born. This does not preclude a petitioner from commencing a paternity proceeding during the pregnancy of the mother. (Family Ct Act, § 517.) However, where either party demands a blood test, the matter must be adjourned until after the birth of the child.* Assuming that the scientific reliability of prenatal HLA testing could be conclusively shown, the court would nevertheless lack the statutory authority to order HLA testing of a fetus.
Petitioner’s basis for initiating the paternity proceeding during her pregnancy and for requesting the HLA test before the birth of the child is her legitimate concern that respondent will leave this country, thus removing himself from the court’s jurisdiction. While section 525 of the Family Court Act allows for mail service alone, “no default may be entered without proof satisfactory to the court that the respondent had actual notice of the commencement of the proceeding.” Were respondent to leave New York prior to the birth of the child or at any time prior to the commencement of a new paternity proceeding, the court would not be able to order service of respondent in such a manner that a default judgment could be entered against him. Therefore, in the interests of justice, the court’s dis *194 missal without prejudice is vacated. The proceeding is placed on the reserve calendar, to be restored after the birth of the child.

 (Fowler v Rizzuto, 121 NYS2d 666; see Grant v Konis, 203 Misc 1089).