OPINION OF THE COURT
Thomas A. Facedle, J.
The above-named petitioner filed a petition in this court, sworn to on June 9, 1986, alleging that the above-named respondent is chargeable with the support of his dependents. Respondent appeared before a Hearing Examiner of this court to answer the petition and to show why an order of support and other relief prayed for in the petition should not be granted and was advised of the right to counsel; and respondent neither denied nor admitted the allegations of the peti *956 tion. The respondent requested that the Hearing Examiner dismiss the petition. The matter came on to be heard before a Hearing Examiner of this court and the Hearing Examiner made findings of fact and entered a final order wherein the petition was dismissed for lack of jurisdiction.
Thereafter, specific written objections to said order of support were timely filed with this court by petitioner after entry of said order, and this court reviewed the objections filed herein.
Now, after examination and inquiry into the facts and circumstances of the case, it is hereby ordered and adjudged that the objections are sustained to the extent set forth in the following new findings:
FACTS
Petitioner lives in New Jersey. She is married to respondent and is expecting his child. Respondent lives in Connecticut and is employed at the Magi Corporation, Elmsford, New York (Westchester County). He was apparently served with a summons and a copy of the Uniform Support of Dependants Law (U.S.D.L.) petition.
The Hearing Examiner determined that the proper venue for this proceeding was Connecticut. She dismissed the petition for lack of jurisdiction.
LAW
A. Court’s Authority to Review
Under the Family Court Act a Hearing Examiner is empowered to determine a support petition and grant appropriate relief in accordance with article 3-A of the Domestic Relations Law (Family Ct Act § 439 [a]). A Family Court Judge, upon the submission of timely filed objections, is authorized to review final orders of the Hearing Examiner (Family Ct Act § 439 [e]).
Effective August 5, 1986, an objecting party is required to submit objections on notice to the opposing party. The opposing party then has eight days to file a written rebuttal to the objections.
In the instant case petitioner, the objecting party, has not submitted an affidavit of service of the objections on the opposing party to the court. However, respondent is not prejudiced because there is no dispute about the essential *957 facts in this case. Petitioner’s sole objection raised an unresolved question of law.
B. The Issue
The only issue presented to this court for review is whether the respondent, who works for the Magi Corp. in Elmsford, N. Y., County of Westchester, "is found” in Westchester County under article 3-A of the Domestic Relations Law so that the Westchester County Family Court has jurisdiction to entertain a proceeding to compel support. This court concludes that respondent "is found” in Westchester County and that the Family Court can hear this matter.
C. Decision
Unequivocally, a U.S.D.L. proceeding to compel support of a dependent may be maintained where petitioner is in one State and respondent is a resident of or is domiciled or found in another State (Domestic Relations Law § 35 [2]). A Judge (or Hearing Examiner) in the county of the State in which the respondent resides or is domiciled or found is required to schedule a hearing on the support petition and issue a summons directed to the respondent (Domestic Relations Law § 37 [4]). If, after a hearing, the court determines that petitioner is entitled to relief, it shall make an order directing respondent to furnish support (Domestic Relations Law § 37 [11]).
Unfortunately, the statute does not define the term "is found” (see, Domestic Relations Law § 31). In addition, there is a dearth of decisional law directly on point. Accordingly, the court must look to other sources for persuasive authority and guidance.
Black’s Law Dictionary 785 (4th ed) states that "[a] person is said to be 'found’ within a state * * * when actually present therein”. There is no doubt that respondent is employed and is regularly present within Westchester County. At the very least, respondent has a significant financial connection with New York State and Westchester County. As a result, he consistently avails himself of the protection of certain laws of the State and county. For further assistance, the court turns to case law which interprets similar or identical language in other statutes designed to provide support to dependents. Specifically, the court looks at Family Court Act § 521 for guidance.
In general, proceedings under article 5 of the Family Court Act were enacted to establish the paternity of out-of-wedlock *958 children with a view toward compelling the putative father to fulfill his support obligations (Family Ct Act §§ 511, 513; Matter of L. Pamela P. v Frank S., 59 NY2d 1, 5 [1983]). Under section 521, a paternity proceeding may be originated in the county where the putative father resides or is found.
In Matter of Isabel C v Andres M (77 Misc 2d 534 [Fam Ct, Kings County 1974]), petitioner mother, a New Jersey resident whose child was born in and was a resident of New Jersey, filed a paternity petition against the putative father, a New Jersey resident, in New York (Kings County) where the putative father was employed. The court determined that the putative father by working in New York "is found” in New York (Kings County). The Appellate Division, Second Department, has indicated its agreement with the lower court’s interpretation by citing this case with approval (Matter of Department of Social Servs. v Jay W., 105 AD2d 19, 25 [2d Dept 1984]).
D. Conclusion
Based on a fair reading of the statute as well as the logical reasoning set forth in decisional law, this court concludes that for purposes of the instant petition filed under article 3-A of the Domestic Relations Law, respondent "is found” in New York. Accordingly, the Family Court has subject matter jurisdiction in this case.
Based on the foregoing, the objection is sustained. The matter will be set down on the Hearing Examiner’s calendar for further preliminary proceedings on the first available date.